UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES J. DAVIS,<br><br>                    Plaintiff,<br><br>   vs.<br><br>TOM HARMON,<br><br>                    Defendants. | NO. CV-12-5007-RHW<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's document titled, "Motion to Amend Request a New Trial Pursuant to Rule 59(1) and 15(a)(2)," along with an eight page proposed "Motion to Amend Complaint." The Court liberally construes Plaintiff's Motion as a Motion for Reconsideration of the Order dismissing his First Amended Complaint with prejudice on May 15, 2012. Plaintiff noted his Motion for hearing on July 18, 2012. It was heard without oral argument on the date signed below.

A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed.R.Civ.P. 60(b). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,*

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court re-examining the issue. Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe v. Hodel,* 882 F.2d 364, 369 n.5 (9th Cir. 1989). Plaintiff's complaint was dismissed based on his assertion that Defendant Harmon negligently failed to process his request for law library access to meet a court deadline, and his failure to identify a non-frivolous and arguable underlying claim. *See Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002).

Plaintiff now asks for another opportunity to amend his complaint to identify the underlying claim and to assert the failure to properly process Plaintiff's request for priority law library access was intentional, rather than negligent. Plaintiff asserts that his criminal conviction had been affirmed on appeal and he was attempting to prepare a motion to modify the appeals court decision, when his request to access the prison law library was refused. Plaintiff states that this resulted "in denial for seeking review of his conviction by the Supreme Court.[1]

Again, Plaintiff does not assert he notified the state courts of his circumstances, sought an extension of time to file his motion to modify and was denied. In any event, Plaintiff has stated that his only Defendant signed a "sworn statement, that he neglect[ed]

---

[1] A review of state court records shows that the Supreme Court of Washington denied Mr. Davis' petition for review of his appeal, Court of Appeals cause number 66938-9-I, on January 4, 2012. *See State v. Davis*, 173 Wash.2d 1007, 268 P.3d 941 (Table). The docket in that case shows the Petition for Review, as well as a motion to extent time to file, were filed on August 1, 2011. Therefore, Plaintiff's assertion that he was unable to seek discretionary review by the Supreme Court is not well taken.

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

to sign the form he submitted on 7-18-11." An admonition of negligence will not support a claim under section 1983. *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Reconsideration, ECF No. 14, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The court certifies any appeal of this decision would not be taken in good faith.

**DATED** this 9th day of July, 2012.

    *s/Robert H. Whaley*
    ROBERT H. WHALEY
    United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 3